IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD STEVEN CAVALLO, ) <br> ID # 1125774, ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> NATHANIEL QUARTERMAN,[1] Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:04-CV-2549-H (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for burglary of a habitation in Cause No. F00-52125-R. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On November 28, 2000, petitioner pled guilty to burglary of a habitation in Dallas County and received ten years deferred adjudication probation. On July 30, 2002, the State moved to adjudicate his guilt, and the trial court adjudicated him guilty and sentenced him to seventeen years imprisonment on September 12, 2002. On November 13, 2002, petitioner filed an untimely notice of appeal that the court of appeals dismissed for lack of jurisdiction on March 20, 2003. Petitioner filed no petition for discretionary review. The court of appeals issued its mandate on August 28, 2003.

Prior to the issuance of the mandate, on August 21, 2003, petitioner filed a state application for writ of habeas corpus; the Texas Court of Criminal Appeals dismissed the writ on October 29,

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

2003, because petitioner's appeal was still pending at the time of filing. On January 14, 2004, petitioner filed a second state application for writ of habeas corpus that the Court of Criminal Appeals denied on November 3, 2004.

Petitioner filed the instant petition on November 18, 2004, when he placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims he is being held unlawfully because (1) he was not properly admonished when he initially pled guilty; (2) his guilty plea is involuntary; (3) he was denied his right to appeal the revocation of probation when his attorney failed to inform him of his appellate rights; and (4) his revocation attorney rendered ineffective assistance by failing to investigate the facts, seek out vital evidence, interview or subpoena witnesses, and seek additional time for an investigation. The government has filed an answer in which it urges the Court to dismiss this action as time-barred, or alternatively, deny the claims on the merits. In a reply brief, petitioner argues that his claims have merit and are not time-barred.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review;

2

or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date the relevant judgment became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

**A.  Finality of Judgment**

Although petitioner purports to challenge only the September 12, 2002 judgment of conviction, he raises claims related to the events of his guilty plea and November 2000 placement on deferred adjudication probation.  The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of AEDPA's statute of limitations.  *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005), *cert. denied*, ___ S. Ct. ___, 2006 WL 2861670 (2006) and ___ S. Ct. ___, 2006 WL 3053497 (2006).  The Court thus construes the instant action to be a challenge to two separate State "judgments" – (1) the November 2000 order of deferred adjudication probation and (2) the September 12, 2002 judgment of conviction.

Under 28 U.S.C. § 2244(d)(1)(A), a challenged State judgment becomes final at one of two distinct points, *i.e.*, "by the conclusion of direct review or the expiration of the time for seeking such review."  Direct review encompasses a petition for writ of certiorari filed with the Supreme Court, *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002), and ends "when the Supreme Court either rejects the petition for certiorari or rules on its merits", *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). When a "conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'"  *Id.*  The time for seeking direct review "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort."  *Id.*  However, when the appeal process stops "before that

3

point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.*

In this case, petitioner filed no appeal from his placement on deferred adjudication probation and did not timely commence the direct appeal process with respect to the September 12, 2002 adjudication of guilt, revocation of probation, and imposition of sentence. An untimely appeal fails to maintain "direct review" and does not operate to delay the start of limitations. *See Foreman v. Dretke,* 383 F.3d 336, 341 (5th Cir.2004) (holding that the sole question with respect to determining direct review for limitations purposes is "whether [petitioner] filed a timely appeal in the state court system"); *Zinsou v. Dretke,* No. 4:04-CV-556-A, 2004 WL 2165378, at *2 (N.D. Tex. Sept. 24, 2004), *adopted by* 2004 WL 2381243 (N.D. Tex. Oct.22, 2004); *Lavarry v. Johnson,* No. 3:00-CV-2449-G, 2001 WL 376335, at *2 (N.D. Tex. Apr.12, 2001), *adopted by* 2001 WL 484426 (N.D. Tex. May 2, 2001). Consequently, for purposes of § 2244(d)(1)(A), his judgment of conviction became final thirty days after the trial court adjudicated him guilty and sentenced him and he failed to appeal. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal). Likewise, petitioner's ability to appeal the November 2000 order that placed him on deferred adjudication probation expired thirty days thereafter. *See* TEX. R. APP. P. 26.2(a)(1) (stating that "[t]he notice of appeal must be filed . . . within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). Accordingly, petitioner's state "judgment" of deferred adjudication probation became final on December 28, 2000, and his state judgment of conviction became final on October 12, 2002 (the dates his notices of appeal were due).

## B. Factual Predicate

With regard to subparagraph (D), the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims, the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could

4

have become known prior to the date petitioner's respective judgments became final. When the trial court placed him on deferred adjudication probation in November 2000, petitioner would have known the factual basis for his claims that he was improperly admonished and involuntarily pled guilty. With respect to his claims related to the revocation proceedings, petitioner would have known or should have known with the exercise of due diligence the factual basis for such claims prior to his judgment of conviction becoming final in October 2002.

Because petitioner filed his federal petition more than one year after his relevant judgments became final, a literal application of § 2244(d)(1) renders petitioner's November 18, 2004 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because the Texas Court of Criminal Appeals dismissed petitioner's first state petition due to his pending appeal,[2] petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004)

---

[2] An individual convicted of a felony offense in Texas has two avenues through which he or she may challenge the conviction – direct appeal and state habeas. If the individual pursues a direct appeal, such appeal deprives the habeas courts of jurisdiction until the appeal becomes final by entry of the mandate by the court of appeals. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam) (recognizing that the Texas Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final" by issuance of the mandate by the court of appeals). In this instance, petitioner pursued an untimely direct appeal. Although the court of appeals dismissed the appeal on March 20, 2003, it did not issue its mandate until August 28, 2003. Thus, although the appeal may have appeared to be final on March 20, 2003, it did not become legally final in accordance with Texas law until August 28, 2003. *See id.*

(holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final). Petitioner did not properly file a state application until January 14, 2004. By that time, the one-year period of limitations had expired. Petitioner is thus entitled to no statutory tolling under § 2244(d)(2). It is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In addition, although petitioner filed a reply brief in response to respondent's argument that the instant action is time-barred, he presents nothing to indicate that rare and exceptional circumstances warrant equitable tolling. *See id.* (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). He merely argues that the Court of Criminal Appeals dismissed his first state writ without prejudice to his filing another state writ on the same grounds. The dismissal of petitioner's state habeas application due to the pendency of his appeal does not make this case appropriate for equitable tolling. Furthermore, although the Court of Criminal Appeals did not dismiss the pending state application until after the expiration of the federal limitations period, the State "did not mislead [him] in any way or prevent him from asserting his rights[; his] own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights." *Larry*, 361 F.3d at 897. Had petitioner

> "properly filed" his state habeas application in accordance with Texas law the federal statute of limitations would have tolled for the entire period his application was pending before the state habeas courts. It is important to note that the jurisdictional requirement that [petitioner] violated is not a complicated one and involves no judicial scrutiny.

*Id.* That petitioner may not have understood the significance of the issuance of mandate does not warrant equitable tolling. "[I]gnorance of the law or of statutes of limitations is insufficient to war-

6

rant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). In the absence of equitable tolling, the instant petition falls outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED** this 7th day of November, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE